UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

**WAYNE HENSCHEL,**

    **Plaintiff,**

v.

**CLARE COUNTY ROAD COMMISSION,**

    **Defendant.**

---

**GAFKAY & GARDNER, PLC,**
**BY:**     **JULIE A. GAFKAY (P53680)**
        **TRAVIS I. DAFOE (P73059)**
**Attorneys for the Plaintiff**
**175. S. Main Street**                                         **DEMAND FOR JURY TRIAL**
**Frankenmuth, Michigan 48734**
**(989) 652-9240**
**jgafkay@gafkaylaw.com**

---

There is no other civil action between the parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between the parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred, or otherwise disposed of after having been assigned to a Judge in this Court.

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

    **Plaintiff,** Wayne Henschel, through his attorneys, GAFKAY & GARDNER, PLC, provides the following statement of facts to support his claims against the Defendant.

1. This actions includes a violation of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12117 that incorporates by reference § 706 of Title VII of the Civil Rights Act of

1964, as amended 42 U.S.C. § 2000e-5, and this Court has jurisdiction pursuant to § 107(a) of the ADA.

2. This Court has jurisdiction over claims under the ADA under 42 U.S.C. § 2000e-5 and 28 U.S.C. §1331.

3. Plaintiff resides in Harrison, Michigan, which is within the Eastern District of Michigan.

4. Plaintiff's employment with Defendant occurred in Harrison, Michigan, which is in Clare County, Michigan and the Eastern District of Michigan.

5. Plaintiff filed a charge of employment discrimination on the basis of disability with the Equal Employment Opportunity Commission (EEOC), within 300 days of the commission of the unlawful employment action in this matter.

6. On February 28, 2012, the EEOC issued a dismissal and notice of rights, which provided the Plaintiff with 90 days to file suit. This complaint is timely within the requirements provided by the EEOC.

7. Defendant is a person within the meaning of § 101(7) of the ADA, 42 U.S.C. 12111(7).

8. Defendant is an employer as defined by the ADA in 42 U.S.C. 12111(5)(A).

9. The events in this complaint occurred in the Eastern District of Michigan.

## STATEMENT OF FACTS

10. Plaintiff began his employment with the Defendant on or about February 12, 2007

11. Plaintiff was a heavy-equipment operator. He operated an excavator.

12. Plaintiff was and continues to be qualified for the position of heavy-equipment operator and was and is qualified to operate an excavator.

13. Plaintiff was involved in a serious auto accident August 6, 2009.

14. As a result of the accident, Plaintiff lost his left leg and now has a prosthetic limb.

15. Plaintiff was off work with his injuries from about August through about March

16. On or about March 22, 2010, Plaintiff reported to work.

17. Plaintiff was given a test by defendant in connection with his application for medical waiver under 49 C.F.R. § 391.41

18. As part of this examination, the employer required Plaintiff to climb a salt pile, put on wadders and walk around, and carry things up and downstairs.

19. Plaintiff was able to perform the tasks Defendant required even though they were not work related and intended only to dissuade or prevent Plaintiff from seeking or receiving his job back.

20. Plaintiff could in fact operate his excavator and was able to operate the manual transmission truck he was assigned.

21. However, Defendant insisted he did not operate the manual transmission well enough.

22. Plaintiff was provided and worked a job for several days or a week.  He was able to perform the essential functions of the job.

23. Plaintiff was then released on or about May 2010

24. Defendant failed to reasonably accommodate the Plaintiff.

25. Possible accommodations, include but are not limited to:

    - modifying manual transmission truck to allow hand clutching,
    - providing an automatic truck to pull excavator, and
    - having another employee drop off and pick up excavator at job site (which had been done in the past).

26. Since terminating Plaintiff's employment, under information and belief Defendant has acquired a smaller excavator and an automatic truck to pull it, which the Plaintiff could do.

## LEGAL CLAIMS

### Count I - Discrimination under the Americans with Disabilities Act

27. Plaintiff incorporates by reference the preceding paragraphs as though fully stated here.

28. The Americans with Disability Act, (ADA), makes it illegal for an employer to discriminate against a qualified individual on the basis of disability. 42 U.S.C. § 12112.

29. 42 U.S.C. § 12111(8) defines qualified individual to mean an individual who with or without reasonable accommodation can perform the essential functions of the employment position that such individual holds or desires.

30. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8)

31. 42 U.S.C. § 12112(b) defines discrimination against a qualified individual on the basis of disability. The definition of discrimination includes the failure to reasonably accommodate a disabled individual. It includes the following:

    A.    42 U.S.C. § 12112(b)(3) includes in the definition of discrimination utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability.

    B.    42 U.S.C. § 12112(b)(5) includes in the definition of discrimination the failure to reasonably accommodate a qualified individual with a disability.

    C.    42 U.S.C. § 12112(b)(6) includes in the definition of discrimination the use of qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals

    with a disability unless it is shown to be job related for the position in question and consistent with business necessity.

32. Defendant violated 42 U.S.C. § 12112 when it failed to return Plaintiff to his position.

33. This discrimination was in violation of the ADA. 42 USC 12112.

34. Defendant conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

35. As a direct and proximate result of Defendant's discrimination in retaliation for his protected activity, Plaintiff has sustained injuries and damages, including loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

**Count II - Violation of the Americans with Disabilities Act for failure to Accommodate**

36. Plaintiff incorporates by reference the preceding paragraphs as though fully stated here.

37. The Americans with Disability Act, (ADA), makes it illegal for an employer to discriminate against a qualified individual on the basis of disability.  42 U.S.C. § 12112.

38. 42 U.S.C. § 12111(8) defines qualified individual to mean an individual who with or without reasonable accommodation can perform the essential functions of the employment position that such individual holds or desires.

39. Plaintiff is a qualified individual within the meaning of 42 U.S.C. § 12111(8)

40. 42 U.S.C. § 12112(b) defines discrimination against a qualified individual on the basis of disability.  The definition of discrimination includes the failure to reasonably accommodate a disabled individual.  It includes the following:

    A.    42 U.S.C. § 12112(b)(3) includes in the definition of discrimination utilizing standards, criteria, or methods of administration that have the effect of discrimination on the basis of disability.

    B.    42 U.S.C. § 12112(b)(5) includes in the definition of discrimination the failure to reasonably accommodate a qualified individual with a disability.

    C.    42 U.S.C. § 12112(b)(6) includes in the definition of discrimination the use of qualification standards, employment tests, or other selection criteria that screen out or tend to screen out an individual with a disability or a class of individuals with a disability unless it is shown to be job related for the position in question and consistent with business necessity.

41. Defendant violated 42 U.S.C. § 12112 when it failed to provide the Defendant with a reasonable accommodation.

42. Defendant failed to engage in meaningful, good faith interactive process to determine what type of accommodation would potentially be applicable.

43. This discrimination was in violation of the ADA. 42 USC 12112.

44. Defendant conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

45. As a direct and proximate result of Defendant's discrimination in retaliation for his protected activity, Plaintiff has sustained injuries and damages, including loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

**Claim III - Violation of the Americans with Disabilities Act for Examination and Inquiry**

46. Plaintiff incorporates by reference the preceding paragraphs as though fully stated here.

47. An employer may not require a medical examination and shall not make inquires of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability under 42 U.S.C. § 12112(d)(4).

48. An employer may request information if it is job related and consistent with a business necessity.

49. Defendants battery of tests, a medical examination under the ADA, were not related to the job nor were they consistent with a business necessity.

50. These tests were intended to screen out individuals with disabilities.

51. Defendant conducted itself with malice or reckless indifference to Plaintiff's federally protected rights.

52. As a direct and proximate result of Defendant's discrimination in retaliation for his protected activity, Plaintiff has sustained injuries and damages, including loss of earnings and earning capacity; loss of fringe and pension benefits; mental and emotional distress; humiliation and embarrassment; loss of career opportunities; and loss of the ordinary pleasures of everyday life, including the right to seek and pursue a gainful occupation of choice.

PLAINTIFF requests this Honorable Court enter an order requiring Defendant to reinstate Plaintiff to his prior position with all seniority and benefits that his position requires or alternatively provide judgment in an amount commensurate with his lost future wages. Additionally, Plaintiff requests that an order be entered making him whole for all lost wages, benefits, and other economic benefits lost as a result of the events in this complaint.  The order

should also include all noneconomic damages suffered by the Plaintiff as a result of the Defendants actions.  Furthermore, the order should include punitive damages and liquidated damages for the Defendants violation of the law.  Finally, the order should include all other relief that this Honorable Court deems equitable and just.

## JURY DEMAND

PLAINTIFF requests a jury of his peers in this action.


<u>Date</u>:  Friday, April 20, 2012

Respectfully submitted,<br>
GAFKAY & GARDNER, PLC<br>
<br>
<u>/s/ Julie A. GAFKAY</u><br>
JULIE A. GAFKAY (P53680)<br>
TRAVIS I. DAFOE (P73059)<br>
Attorneys for Plaintiff<br>
175 S. Main Street<br>
Frankenmuth, Michigan 48734<br>
(989) 652-9240<br>
jgafkay@gafkaylaw.com